1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| THEOPRIC BLOODSAW, | CV F   04 5297 AWI LJO P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| | (Doc. 1) |
| TOM L.  CAREY, et. al., | |
| Defendants. | |

9
10
11
12
13
14

_____/

15
16

Theopric Bloodsaw  ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

17
18

Plaintiff filed the instant action on February 17, 2004, naming Tom Carey, J.  Velasco, Dr.  Vo, J.  Gentry, Elissague, J.  Langham, Lt.  Huebner as defendants.  Plaintiff alleges that these individuals are engaged in a "chain conspiracy" to obstruct justice.  Plaintiff also alleges generally that his constitutional rights have been violated.

19
20
21

A.  Screening Requirement

22
23

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

24
25
26
27
28

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

4  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

5  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

6  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

7  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8  complaint under this standard, the court must accept as true the allegations of the complaint in

9  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

10  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12  B.  Summary of the Complaint

13      Plaintiff's complaint states simply that the named defendants are "involved in a chain

14  conspiracy they have no legal authority over me, medical malpractice professional negligence."

15  Plaintiff cites to numerous penal codes and federal rules in addition to citing to the federal habeas

16  corpus statute 28 U.S.C. § 2254.  In his request for relief, plaintiff again states that the

17  individuals are conspiring to obstruct justice, that his constitutional rights have been violated and

18  that he wants justice served.

19      *a.  Linkage Requirement*

20      The Civil Rights Act under which this action was filed provides:

21          Every person who, under color of [state law] . . . subjects, or causes
22          to be subjected, any citizen of the United States . . . to the
            deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
23          law, suit in equity, or other proper proceeding for redress.

24
25  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

26  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

27  Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

28  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

2

1  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

2  in another's affirmative acts or omits to perform an act which he is legally required to do that

3  causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

4  Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named

5  defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

6  federal rights.

7      In this case, plaintiff fails to link any of the named defendants to an act or omission that

8  resulted in the violation of his federal constitutional rights.

9          ***b. Conspiracy***

10     In the context of conspiracy claims brought pursuant to section 1983, a complaint must

11  "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v.

12  County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police

13  Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired

14  or acted jointly in concert and that some overt act was done in furtherance of the conspiracy.

15  Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

16     Plaintiff has not alleged any facts supporting the existence of a conspiracy between

17  defendants.  Further, plaintiff has not alleged facts demonstrating that defendants violated his

18  constitutional rights.  In order to state a cognizable claim for relief for conspiracy, plaintiff must

19  establish that defendants conspired to violate an underlying constitutional right.

20     Although plaintiff attaches documents to his complaint, they do not clarify his claims for

21  relief and consist of a printout of his criminal record, excerpts of a medical records, chronos, and

22  inmate appeal forms.  However, nowhere does plaintiff attempt to clarify his claims for relief.

23  The Court cannot peruse the attachments and try to formulate a claim for relief based on

24  documents submitted.  The burden to plead a cognizable claim for relief that puts the defendants

25  on notice of the charges against them is on the plaintiff.

26  C.  Conclusion

27     The Court finds that Plaintiff's complaint does not contain any claims upon which relief

28  can be granted under § 1983 against any of the defendants.  The Court will provide plaintiff with

1    time to file a first amended complaint curing the deficiencies identified above should he wish to

2    do so.

3         Plaintiff must demonstrate in the complaint how the conditions complained of resulted in

4    a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.  1980).

5    The complaint must specifically state how each defendant is involved.  Further, there can be no

6    liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

7    defendant's actions and the claimed deprivation.  Rizzo v.  Goode, 423, U.S. 362 (1976); May v.

8    Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson v.  Duffy, 588 F.2d 740, 743 (9th Cir.

9    1978).

10        Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

11   complete in itself without reference to any prior pleading.  As a general rule, an amended

12   complaint supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir.  1967).

13   Once an amended complaint is filed, the original complaint no longer serves any function in the

14   case.  Therefore, in an amended complaint, as in an original complaint, each claim and ten

15   involvement of each defendant must be sufficiently alleged.  The amended complaint should be

16   clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number,

17   and be an original signed under penalty of perjury.

18        The Court finds that Plaintiff's complaint does not contain any claims upon which relief

19   can be granted under § 1983 against any of the defendants.  The Court will provide plaintiff with

20   time to file a first amended complaint curing the deficiencies identified above should he wish to

21   do so.

22        Plaintiff must demonstrate in the complaint how the conditions complained of resulted in

23   a deprivation of his constitutional rights.  See, Ellis v.  Cassidy, 625 F.2d 227 (9th Cir.  1980).

24   The complaint must specifically state how each defendant is involved.  Further, there can be no

25   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

26   defendant's actions and the claimed deprivation.  Rizzo v.  Goode, 423, U.S. 362 (1976); May v.

27   Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson v.  Duffy, 588 F.2d 740, 743 (9th Cir.

28   1978).

1    Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

2  complete in itself without reference to any prior pleading.  As a general rule, an amended

3  complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

4  Once an amended complaint is filed, the original complaint no longer serves any function in the

5  case.  Therefore, in an amended complaint, as in an original complaint, each claim and ten

6  involvement of each defendant must be sufficiently alleged.  The amended complaint should be

7  clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number,

8  and be an original signed under penalty of perjury.

9                                            **ORDER**

10    Accordingly, the Court HEREBY ORDERS:

11    1.    Plaintiff's complaint is DISMISSED with leave to amend for failure to state any

12          claims on which relief can be granted;

13    2.    The Clerk of Court is DIRECTED to send plaintiff a blank civil rights complaint

14          form;

15    3.    Within THIRTY (30) days of the date of service of this Order, Plaintiff SHALL

16          file an AMENDED COMPLAINT; and

17    Plaintiff's failure to file an amended complaint in compliance with this order will result

18  in a recommendation that the action be dismissed, without prejudice, for failure to state a claim

19  on which relief can be granted.

20  IT IS SO ORDERED.

21  **Dated:    April 26, 2005**              **/s/ Lawrence J. O'Neill**
    b9ed48                              UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28

                                              5