# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEOPRIC BLOODSAW,<br><br>  Plaintiff,<br><br>  v.<br><br>TOM L. CAREY, et. al.,<br><br>  Defendants. | CV F   04 5297 AWI LJO P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 8)<br><br>ORDER DIRECTING THE CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

Theopric Bloodsaw ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed his first complaint on February 17, 2004. On April 26, 2005, the original complaint was dismissed with leave to amend. Plaintiff filed an amended complaint on May 23, 2005, naming Tom Carey, J. Velasco, Dr. Vo, J. Gentry, Elissague, J. Langham, Lt. Huebner as Defendants. Plaintiff alleges that these individuals engaged in a conspiracy to obstruct justice, and claims that his conviction was unlawful. Plaintiff also alleges several claims against the individual Defendants.

A. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.  Summary of the Complaint

Plaintiff's complaint states simply "A conspiracy, one agreement etc. Obstruction of justice...," cites several amendments and statutes, then names the Defendants individually with one or more complaint against each. Plaintiff fails to give any facts supporting his claims.  In his request for relief, Plaintiff asks for "due process of law and justice served that is the only way I will get my freedom back..."

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, the plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In this case, Plaintiff again fails to link any of the named Defendants to an act or omission that resulted in the violation of his federal constitutional rights. Plaintiff has simply listed allegations without any factual information to substantiate them. For example, Plaintiff states: "Tom Carey without lawful authority seizing and confining another. J. Velasco provoking, harassing, threatening, racially biased, Dr. Vo threatening inadequate medical care, J Gentry procuring, harassing, Elissague procuring, offering and preparing false evidence, J. Langham procuring, preparing false evidence, H. Huebner procuring, unlawful authority."[1]

### *2. Conspiracy*

In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff has again not alleged any facts supporting the existence of a conspiracy between Defendants. Further, Plaintiff has not alleged facts demonstrating that Defendants violated his constitutional rights. In order to state a cognizable claim for relief for conspiracy, Plaintiff must establish that Defendants conspired to violate an underlying constitutional right.

Although Plaintiff attaches documents to his complaint, they do not clarify his claims for

---

[1] Amended Complaint Doc 8-1 page 3, of 40 (First page three of amended complaint)

1  relief and consist of a printout of his criminal record, excerpts of medical records, chronos, and
2  inmate appeal forms.  However, nowhere does Plaintiff attempt to clarify his claims for relief.
3  Plaintiff has been informed that the court cannot peruse the attachments and try to formulate a
4  claim for relief based on documents submitted.  The burden to plead a cognizable claim for relief
5  that puts the Defendants on notice of the charges against them is on the Plaintiff.

6  Moreover, Plaintiff is not required to offer evidence at this stage in the proceeding and
7  should refrain from submitting attachments. It is not appropriate to attach exhibits to a complaint.
8  See Rule 8, Federal Rules of Civil Procedure. Originals or copies of evidence (i.e., prison or
9  medical records, witness affidavits, etc.) should not be submitted until the course of litigation
10  brings the evidence into question (for example, on a Motion for Summary Judgement, at trial, or
11  when requested by the court).  Finally, to the extent that Plaintiff's claim is alleging criminal
12  conspiracy, a civil rights action under 42 U.S.C. § 1983 is not an appropriate forum for such a
13  claim.

14  ### 3. Habeas claim

15  When a prisoner challenges the legality or duration of his custody, or raises a
16  constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a
17  writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d
18  874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an
19  allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the
20  conviction or sentence has been reversed on direct appeal, expunged by executive order, declared
21  invalid by a state tribunal authorized to make such determination, or called into question by a
22  federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512
23  U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or
24  sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

25  In his Amended Complaint, Plaintiff makes several claims about the validity of his
26  conviction[2].  A §1983 claim, however, is not appropriate under these circumstances.  Plaintiff's
27
28  [2]Document 8-1, page 4 of 40 (second page 3 in amended complaint)

4

sole remedy for this claim through a writ of habeas corpus.

### 4. Conclusory allegations

The pleading of mere legal conclusions without further specification is insufficient to state a valid claim. Plaintiff must allege, with at least some degree of particularity, overt acts which defendants engaged in which support plaintiff's claim. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir.1977). If Plaintiff chooses to amend his complaint he will need to state specific facts about the circumstances surrounding the alleged constitutional violations rather than merely stating conclusory allegations. Plaintiff may refer to Section 1 (linkage requirement) for further clarification.

C.  Conclusion

The Court finds that Plaintiff's Complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case

number, and be an original signed under penalty of perjury.

**ORDER**

Accordingly, the Court HEREBY ORDERS:

1. Plaintiff's Amended Complaint is DISMISSED with leave to amend for failure to state any claims on which relief can be granted;

2. The Clerk of Court is DIRECTED to send Plaintiff a blank civil rights complaint form;

3. Within THIRTY (30) days of the date of service of this Order, Plaintiff SHALL file an SECOND AMENDED COMPLAINT.

Plaintiff's failure to file a Second Amended Complaint in compliance with this order will result in a recommendation that the action be dismissed, without prejudice, for failure to state a claim on which relief can be granted.

IT IS SO ORDERED.

Dated:   **June 12, 2006**            /s/ Lawrence J. O'Neill
b9ed48                                UNITED STATES MAGISTRATE JUDGE