# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

THEOPRIC BLOODSAW,

          Plaintiff,

vs.

TOM L. CAREY, et al.,

          Defendants.

1:04-cv-05297-AWI-GSA-PC

FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
(Doc. 10)

OBJECTIONS, IF ANY, DUE IN THIRTY DAYS

      Theopric Bloodsaw ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      Plaintiff filed his first complaint on February 17, 2004. The court screened the original complaint and dismissed it with leave to amend on April 26, 2005. On May 23, 2005, plaintiff filed an amended complaint. The court screened the amended complaint and dismissed it with leave to amend on June 12, 2006. On July 21, 2006, plaintiff filed a second amended complaint, naming Tom Carey, W. Elissague, Doctor Vo, J. Velasco, H. Huebner, J. Gentry, J. Langham, J. S. Woodford, J. Grannis, and LNX Sheriffs Deputies as defendants.

**I.     Screening Requirement**

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.   Summary of the Second Amended Complaint

In his second amended complaint, plaintiff alleges that he was illegally sentenced to prison and later illegally arrested as a parole violator. He names Tom Carey, W. Elissague, Doctor Vo, J. Velasco, H. Huebner, J. Gentry, J. Langham, J. S. Woodford, J. Grannis, and LNX Sheriffs Deputies as defendants. Plaintiff alleges that he is in prison because of a "chain conspiracy" by defendants and because of discrimination. Plaintiff also alleges constitutional violations by defendants which include denial of medical care and refusal to issue him a shaving chrono. Plaintiff cites to numerous penal codes, federal rules, and the Civil Rights Act of 1871. In his request for relief, plaintiff seeks due process of law and his freedom.

III.   Discussion

   *a. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In the second amended complaint, as in the original complaint and the first amended complaint, plaintiff fails to link any of the named defendants to an act or omission that resulted in the violation of his federal constitutional rights.

### b. Conspiracy

Plaintiff alleges that defendants are involved in a "chain conspiracy." In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

In the second amended complaint, as in the original complaint and the first amended complaint, plaintiff has not alleged any facts supporting the existence of a conspiracy between defendants. Further, plaintiff has not alleged facts demonstrating that defendants violated his constitutional rights. In order to state a cognizable claim for relief for conspiracy, plaintiff must establish that defendants conspired to violate an underlying constitutional right.

### c. Habeas claims

Plaintiff alleges that he was illegally sentenced to three years in prison. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v.

1  Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11
2  S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional
3  conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has
4  been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
5  authorized to make such determination, or called into question by a federal court's issuance of a
6  writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A
7  claim for damages bearing that relationship to a conviction or sentence that has not been so
8  invalidated is not cognizable under § 1983." Id. at 488.
9      In the Second Amended Complaint, plaintiff makes claims about the validity of his
10 conviction and confinement.[1]  Plaintiff may not pursue habeas claims in the instant civil rights
11 complaint.  If plaintiff wishes to challenge his conviction and/or custody duration, he must do so
12 via a petition for writ of habeas corpus.
13      *d.*     ***Conditions of Confinement***
14      To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
15 conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v.
16 Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh,
17 prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and
18 personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v.
19 Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from
20 unsafe conditions of confinement, prison officials may be held liable only if they acted with
21 "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124,
22 1128 (9th Cir. 1998).
23      The deliberate indifference standard involves an objective and a subjective prong.  First,
24 the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v.
25 Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second,
26 the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . .

---

[1] Document 10, page 4 of 10 (second page 3 of amended complaint).

4

. ." <u>Farmer</u>, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. <u>Id</u>. at 837-45.  Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  <u>Id</u>. at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  <u>Id</u>. at 835; <u>Frost</u>, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  <u>Id</u>. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."  <u>Id</u>. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  <u>Id</u>. (quotations and citations omitted).

A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care."  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds</u>,

WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

In the second amended complaint, plaintiff states, "I needed medical care and it was denied.  I have had x-rays taken here at PBSP from the incident.  It showed 3 cervical spine fractures in my neck."  Plaintiff also alleges that he cannot shave with a razor, but defendant Doctor Vo refused to issue him a shaving chrono.  Plaintiff states that when he arrived at PBSP on February 2, 2004, he was immediately issued a shaving chrono.  These allegations do not rise to the level of an Eighth Amendment violation.

C.     Conclusion and Recommendations

The court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the defendants.  In this action, plaintiff has been granted two opportunities to amend the complaint, each time with guidance by the court.  Plaintiff has now filed three complaints without alleging facts against any of the defendants which state a claim under § 1983.   The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the court shall recommend that this action be dismissed in its entirety, without prejudice.

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed in its entirety, without prejudice, for failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).  WITHIN THIRTY (30) DAYS after being served with a copy of these Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

1  Recommendation."  Plaintiff is advised that failure to file objections within the specified time
2  may waive the right to appeal the order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
3  (9th Cir. 1991).

5      IT IS SO ORDERED.
6      **Dated:**   **November 20, 2007**              /s/ **Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE